United States District Court
Southern District of Texas
**ENTERED**
January 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD ALLEN HYLAND, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00135 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner incarcerated at the Eastham Unit in Lovelady, TX. (D.E. 1). He filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his 2016 Nueces County conviction for intoxication manslaughter. (D.E. 1, Page 1). Pending is Respondent's Motion for Summary Judgment filed on October 20, 2021 to which Petitioner responded on January 10, 2022 after an extension was granted. (D.E. 19 and D.E. 22). For the reasons stated below, it is respectfully **RECOMMENDED** the Court **GRANT** Respondent's Motion for Summary Judgment (D.E. 19) and **DISMISS** this action. The undersigned further **RECOMMENDS** the Court **DENY** a Certificate of Appealability.

I. **JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254. A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. §

2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).  Jurisdiction and venue are proper in this Court because Petitioner was convicted within the Corpus Christi Division of the Southern District of Texas.  *Id.*; 28 U.S.C. § 124(b)(6).  This case was referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

On August 8, 2016, after being found guilty of intoxication manslaughter by a jury, Petitioner was sentenced to 27 years imprisonment.  (D.E. 17-93, Pages 7-9).  Petitioner appealed this conviction, which was initially reversed by the Thirteenth District Court of Appeals on April 5, 2018.  (D.E. 17-1).  The Texas Court of Criminal Appeals ("TCCA") granted the State's petition for discretionary review and on June 5, 2019 found the trial court did not err in denying Petitioner's motion to suppress and remanded the case back to the Thirteenth District Court of Appeals.  (D.E. 17-9 and D.E. 17-11).  The Thirteenth District Court of Appeals then affirmed Petitioner's conviction on November 21, 2019.  (D.E. 17-2).  Petitioner did not file a PDR after his second extension request was denied by the TCCA on July 1, 2020.  (D.E. 17-12, D.E. 17-51 and D.E. 17-53).

Petitioner submitted a state habeas application on October 19, 2020.  (D.E. 17-90, Pages 11-29).  At Petitioner's request, the state habeas proceeding was stayed until April 26, 2021.  (D.E. 1-1 and D.E. 17-84, Pages 1-4).  However, on March 24, 201, prior to the expiration of the stay, the TCCA denied Petitioner's state habeas application without written order on the findings of the trial court and on the Court's independent review of the record.  (D.E. 17-79).  Petitioner then filed a second state habeas application on April 24,

2021 which was denied by the TCCA without written order on June 23, 2021.  (D.E. 17-91 and D.E. 17-93, Pages 12-33).  Petitioner then filed this federal habeas action on June 27, 2021.  (D.E. 1).

## III.     APPLICABLE LEGAL STANDARDS

### A.     Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases.  *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…").  However, Rule 56 applies only to the extent that it does not conflict with the federal rules governing habeas proceedings.  *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).  Accordingly, § 2254(e)(1), mandating that a state court's findings are presumed to be correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant.

*Smith*, 311 F.3d at 668.  Unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court.  § 2254(e)(1); *Id.*

## B.   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA.  Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2241(c)(3) & §2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of

the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, U.S. 362 at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. If a decision by a state court is silent as to the reasons for the denial, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).[1] Then, the federal habeas court must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Richter*, 562 U.S. at 101-02. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

---

[1]The Texas Court of Criminal Appeals ("TCCA") has explained a "denial" signifies the Court addressed and rejected the merits of a particular claim while a "dismissal" means the Court has declined to consider the claim for reasons unrelated to the claim's merits. *Bledsue*, 188 F.3d at 257 (citing *Ex parte Thomas,* 953 S.W.2d 286, 289 (Tex. Crim. App. 1997)).

This standard is very difficult to meet.  "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no further." *Richter*, 562 U.S. at 102.  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement."  *Id.* at 103.

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence.  *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).  This deference extends not only to express findings of fact, but to the implicit findings of the state court.  *Id.*  In addition, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *Richter*, 562 U.S. at 784.

## IV.   CASE SUMMARY[2] AND PETITIONER'S ALLEGATIONS OF ERROR

After leaving a bar late in the evening on May 30, 2014, Petitioner, while operating his motorcycle on which his wife was a passenger, was involved in a single-vehicle accident that seriously injured him and killed his wife.  (D.E. 17-11, Pages 1 and 3).  After

---

[2] The TCCA summarized the background of Petitioner's case as did the Thirteenth District Court of Appeals, relevant to the arguments raised in the pending Petition.  (D.E. 17-2, Pages 4-5 and D.E. 17-11, Pages 3-9).

smelling a strong odor of alcohol emanating from the unconscious Petitioner, Corpus Christi Police Officer Raymond Harrison completed a standard pre-printed search warrant affidavit, obtained a search warrant for a sample of Petitioner's blood and Petitioner was found to be intoxicated.  (D.E. 17-11, Pages 1-2).  He was later convicted of intoxication manslaughter after a jury trial.  (D.E. 17-93, Pages 7-9).

On appeal, Petitioner challenged the validity of the Officer Harrison's search warrant affidavit, asserting it was issued based on falsified statements as sections of the boilerplate affidavit involving field sobriety tests and permission to obtain a sample clearly did not apply to Petitioner who was unconscious.  (D.E. 17-11, Pages 6-7).  The trial court omitted these sections of the affidavit and determined the remaining facts were sufficient to support of finding of probable cause.  (D.E. 17-11, Page 8).  While the Thirteenth Court of Appeals later determined the modified affidavit did not meet the heightened standard of "clearly" establishing probable cause, the TCCA determined there was no heightened standard after false statements are stricken from a search warrant affidavit.  (D.E. 17-11, Pages 13-15).  The TCCA then found the remaining facts in Officer Harrison's affidavit supported "a finding of probable cause that evidence of the offense of driving while intoxicated would be found in a search of [Petitioner's] blood."  (D.E. 17-11, Pages 15). The TCCA concluded:

> When we consider the totality of the remaining facts in Officer Harrison's search warrant affidavit, giving no deference to the magistrate's initial reading of those facts, we concluded that it still demonstrated the existence of probable cause.  [Petitioner] was known to be the driver of a motorcycle that had recently been involved in a serious, single-vehicle accident that resulted in a fatality and serious injuries to himself.  Also, Harrison detected

the strong odor of alcohol emanating from [Petitioner's] person.  Taken together, these were 'reasonably trustworthy facts and circumstances within the knowledge of' Harrison that 'would lead a man of reasonable prudence to believe that…evidence pertaining to a crime [would] be found" in a search of [Petitioner's] blood.

(D.E. 17-11, Page 20).

The TCCA remanded the case to the Thirteenth District Court of Appeals for consideration of Petitioner's other points of error.  (D.E. 17-11, Page 21).  On remand, Thirteenth District Court of Appeals determined the testing and re-testing of Petitioner's blood sample was done "pursuant to a valid warrant being executed by law enforcement" and there is no authority which "states that the State cannot re-analyze evidence lawfully in its possession pursuant to a valid search warrant."  (D.E. 17-2, Pages 7-8).

In his petition, as raised in his state habeas petitions, Petitioner asserts his trial counsel was ineffective for failing to investigate and call expert witnesses to challenge the validity of the results of the blood alcohol tests in a pre-trial motion to suppress and at trial. Petitioner further asserts his appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim on these same grounds as well as for failing to raise abuse of discretion arguments regarding several evidentiary rulings, specifically denying the motion to suppress the blood alcohol test and failing to instruct the jury to disregard James Denton's testimony as he was not listed as a witness.   (D.E. 1, Pages 7-10).  The undersigned recommends each of these arguments is without merit, as discussed below.

## V.   DISCUSSION

### A.   Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, at both the trial and appellate level.  To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*.  466 U.S. 668 (1984).  Petitioner must show counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense.  *Id.* at 687-88.  To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  Petitioner must prove he was prejudiced by his attorney's substandard performance, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.* Petitioner then "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable."  *Richter*, 562 U.S. at 112 (citation omitted).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689.  A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Id.* at 690.  The court must then determine whether, in

light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id.* at 690.

An ineffective assistance of counsel claim raised in a habeas petition must therefore be analyzed under both the *Strickland* and § 2254(d) standards. As these standards are both highly deferential, when the two apply in tandem, judicial review is "doubly" so. *Richter*, 562 U.S. at 105 (citations omitted). The federal habeas court asks not whether defense counsel's performance fell below *Strickland*'s standard, but whether the state court's application of the *Strickland* standard was unreasonable. *Id.* at 101. "Under AEDPA…it is a necessary premise that the two questions are different." *Id.* Because the *Strickland* standard is a general one, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Yarborough*, 541 U.S. at 664). Thus, where § 2254(d) applies to a *Strickland* claim, habeas relief is appropriate only when the petitioner shows there is

no reasonable argument that counsel's performance satisfied *Strickland*'s deferential standard. *McCoskey v. Thaler*, 478 F. App'x 143, 152 (5th Cir. 2012).

### 1. Trial Counsel

Petitioner asserts his trial counsel, John Gilmore and Jerry Dorsey, were ineffective for failing to investigate and call expert witnesses to challenge the validity of the results of the blood alcohol tests. Petitioner alleges the results of the blood alcohol tests were invalid because he received fluids, including saline, prior to the tested blood draws. (D.E. 1, Page 7). Petitioner conclusory asserts this caused an elevated blood alcohol reading and otherwise compromised the validity of the results. (D.E. 1, Pages 7-8). Petitioner further asserts the results of multiple blood alcohol tests were different, ranging from .17 to .22, and his counsel were ineffective for failing to object to the admission of the results and related testimony of James Evans, a Department of Public Safety ("DPS") forensic scientist, as the tests were tainted because the results were not identical and therefore, were inadmissible.

Petitioner's first claim is essentially one of an uncalled witness. *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010). "Claims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain." *Id.* (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). Therefore, petitioners who make claims of ineffective assistance based on counsel's failure to call a witness, lay or expert, must demonstrate prejudice by naming the witness,

demonstrating the witness was available to testify and would have done so, detailed the contents of the witness' proposed testimony and demonstrating the testimony would have been favorable to the defense. *Id.* (citing *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)). Here, Petitioner does not identify a witness, demonstrate he or she was able to testify or show the testimony would have been favorable to a particular defense. Rather, he merely speculates that had trial counsel hired an expert, the validity of the blood alcohol tests would have been successfully challenged. Further, he has not presented any evidence outside of his own conclusory allegations regarding what any additional investigation by trial counsel would have found. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.) There is no evidence beyond speculation as to what trial counsel could have found and presented, which is exactly what the Fifth Circuit has cautioned district courts to avoid. *Day*, 566 F.3d at 538. Accordingly, the Petitioner has failed to establish he was entitled to an expert witness or that his counsel were ineffective for failing to call one or that further investigation was needed.

Further, contrary to Petitioner's assertions, a review of the record shows Petitioner's trial counsel filed two motions to suppress the blood alcohol tests.[3] Trial counsel also

---

[3]On October 15, 2015, Petitioner's trial counsel filed the first motion to suppress, arguing the seizure of Petitioner's blood was illegal and not pursuant to a valid search warrant. (D.E. 17-64, Pages 19-23). On August 3, 2016, counsel filed a second motion to suppress. (D.E. 17-78, Pages 35-39). Arguing before the trial court, Petitioner's trial counsel asserted the search warrant authorized the taking of the blood, not the subsequent testing of the blood. Counsel further argued that Evans' retesting of the blood was not done in a timely manner. (D.E. 17-59, Pages 10-11).

challenged the validity of the blood alcohol test results and objected to Evans' testimony and thoroughly cross examined him.[4]  (D.E. 17-59, Pages 38-42,[5] 71-75 and 82-88; D.E. 17-64, Pages 19-23; D.E. 17-78, Pages 35-39).  Further, as Petitioner acknowledges the results of the blood alcohol tests were all more than double the legal limit, Petitioner's argument that only the first result of .22 was legally admissible and therefore, the admission of Evans' testimony regarding a subsequent test at .17, a lower BAC, also fails to demonstrate any prejudice.  (D.E. 1, Page 9).  In short, Petitioner fails to overcome the strong presumption of competence owed to his counsel's conduct.  *Strickland*, 466 U.S. at 690; *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) ("We must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy.") (citation omitted).  Even if Petitioner could show counsel's performance fell below an objective standard of reasonableness, he has not shown how any deficient performance prejudiced the defense.  *Id.* at 687-88.  The evidence presented at Petitioner's trial, including the eyewitness testimony of Juan Ledesma, Phyliss

---

The trial court overruled counsel's arguments.  (D.E. 17-59, Page 15).  As discussed above, the appellate court later found the State was permitted to re-analyze the blood sample.  (D.E. 17-2, Page 8).

[4]Evans testified the blood alcohol results showed Petitioner had a BAC of .175, approximately two times over the legal limit.  (D.E. 17-59, Page 44).  Petitioner's trial counsel cross examined Evans about possible sample contamination, the differing BAC levels found in the multiple blood alcohol tests and any chain of custody and storage issues of the blood sample.

[5]Petitioner's trial counsel first attempted to exclude Evans as an expert but was overruled by the trial court and also objected "to his testimony because of the search warrant not being factually sufficient to establish probable cause for the blood draw" and because the government did not get a warrant for the subsequent search.  (D.E. 17-59, Page 42).

Ledesma and Rogelio Villarreal,[6] was more than sufficient to support his conviction along with Officer Harrison's testimony that Petitioner smelled strongly of alcohol at the hospital after the accident. *Norris v. Davis*, 826 F.3d 821, 835 (5th Cir. 2016) ("Norris cannot show *Strickland* prejudice in light of the overwhelming evidence of his guilt."); *Hoover v. Davis*, No. 4:19-0905, 2020 WL 1430498, at *9 (S.D. Tex. Mar. 23, 2020) (Petitioner failed to demonstrate his counsel's allegedly deficient performance caused him prejudice given the strong evidence of his culpability); (D.E. 17-58, Pages 63, 74 and 82).

Accordingly, the undersigned recommends Petitioner has failed to show counsels' performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88. Therefore, the undersigned recommends Petitioner's claims of ineffective assistance of trial counsel be denied. Further, both on direct appeal and in the denial of the state habeas claim, the TCCA rejected Petitioner's similar arguments. Petitioner makes no substantive argument that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Further, the undersigned does not find any basis in the record for such arguments. Therefore, Petitioner

---

[6]The 13th District Court of Appeals summarized their testimony, which included that a male, later identified as Petitioner, was erratically and dangerously driving the motorcycle at a fast speed with a female on the back immediately prior to the accident at issue. (D.E. 17-2, Pages 4-5; D.E. 17-58 and D.E. 17-59).

fails to meet his burden under AEDPA that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. at 98 (A habeas petitioner has a burden that must be met by showing there was no reasonable basis for the state court to deny relief.)

### 2.    Appellate Counsel

Petitioner asserts his appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim regarding trial counsel's failing to investigate and challenge the validity of the results of the blood alcohol tests. Petitioner furthers asserts appellate counsel was also ineffective for failing to raise abuse of discretion arguments regarding several evidentiary rulings, specifically denying the motion to suppress the blood alcohol tests and failing to instruct the jury to disregard James Denton's testimony as he was not listed as a witness.

However, Petitioner has failed to demonstrate his claims would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (Claims of ineffective assistance of appellate counsel must satisfy the *Strickland* test with Petitioner demonstrating appellate counsel was deficient and that but for appellate counsel's deficient performance, Petitioner would have prevailed on appeal). As discussed above, Petitioner's claims related to the motions to suppress and the validity of the search warrant based on Officer Harrison's averments were addressed and rejected by the TCCA on appeal and in habeas review. (D.E. 17-9; D.E. 17-11; D.E. 17-79; D.E. 17-90, Pages 11-29; D.E. 17-91; D.E. 17-93, Pages 12-33). Petitioner has presented no new competent evidence demonstrating Officer Harrison lied about smelling the strong odor of alcohol emanating from Plaintiff at the

hospital other than his own conclusory allegations.  *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (A conclusory allegation does not raise a constitutional issue in habeas proceedings).  Therefore, as the search warrant was previously found to be valid by the TCCA, Petitioner has failed to establish any prejudice.[7]

James Denton, a firefighter/paramedic with the Corpus Christi Fire Department, testified on direct that he was called to the scene of the accident at issue and saw "a female on the ground by a fence, and another male was there next to a motorcycle.  I just remember two patients involved."  (D.E. 17-58, Page 34).  He further testified the female "appeared to me to be dead on the scene" and that the male was unconscious, breathing and had a head injury along with other injuries.  (D.E. 17-58, Page 35).  Mr. Denton also testified he could not recognize if the male was in the courtroom.  (D.E. 17-58, Page 36).  Petitioner's

---

[7]Further, the undersigned notes that courts are generally barred in habeas corpus proceedings from reviewing a state court's application of Fourth Amendment claims unless a petitioner was denied a full and fair opportunity to litigate these claims in state court.  *Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (same).  Reviewing the record in this case, the undersigned recommends Petitioner was afforded sufficient opportunity for full and fair litigation of his Fourth Amendment claims related to the blood draw and related search warrant to trigger the *Stone* bar as Petitioner's counsel unsuccessfully sought to suppress the blood test results and Petitioner raised these allegations in his state habeas application, which the TCCA refused and denied.  To the extent Petitioner argues the TCCA erred in deciding these claims, "errors in adjudicating Fourth Amendment claims are not an exception to *Stone*'s bar."  *Moreno*, 450 F.3d at 167 (citations omitted).  While Petitioner expresses discontent with the unfavorable result, he has failed to demonstrate he had no meaningful opportunity for review of his Fourth Amendment claims in Texas state court and therefore, any Fourth Amendment claims are barred from consideration here. However, this bar does not restrict a federal habeas review of a Petitioner's Sixth Amendment right to effective assistance of counsel where counsel's error is failure to make a timely request for exclusion of illegally obtained evidence.  *United States v. Alanis*, 88 F. App'x 15, 21 (5th Cir. 2004) (citations omitted).

trial counsel, outside of the presence of the jury, then objected to Mr. Denton's testimony because he was not on the witness list.  (D.E. 17-58, Pages 36-39).  The trial court sustained the objection and excused Mr. Denton because defense counsel was not given notice that he would be testifying.  (D.E. 17-58, Page 39).  Petitioner's trial counsel confirmed they did not wish to cross-examine Mr. Denton.  (D.E. 17-58, Pages 39-40).  The trial court did not instruct the jury to disregard Mr. Denton's testimony nor did defense counsel request such an instruction.  Petitioner asserts his appellate counsel should have raised the failure to give an instruction on appeal as Mr. Denton's testimony harmed his defense that he was not the operator of the motorcycle.  (D.E. 1, Page 10).  As noted by Respondent, there is a concern with whether this issue was properly preserved for purposes of appeal as defense counsel did not request an instruction and therefore, appellate counsel cannot be faulted for failing to raise this issue.  (D.E. 19, Page 23).  Regardless, Petitioner has failed to establish any prejudice.  While Mr. Denton testified the male at the scene, who he could not identify as Petitioner, was closest to the motorcycle, Mr. Ledesma testified he actually saw a male operating the motorcycle shortly before the accident with the female as the passenger.  (D.E. 17-58, Pages 27-29).  Mr. Ledesma also testified the female was underneath the fence although he could not say whether the male or female was closer.  (D.E. 17-58, Pages 29 and 31).  Mr. Villarreal also testified a male was driving the motorcycle shortly before the accident and at the scene, the female was underneath the fence and the male, who he identified as Petitioner, was to the right side of the motorcycle but he could not be certain of the exact distance.  (D.E. 17-58, Pages 43-45 and 48-50).  Therefore, it is unclear how

Mr. Denton's testimony injured Petitioner's defense that he was not driving given two eyewitnesses testifying a male was driving the motorcycle, one identifying the driver specifically as Petitioner.   In short, the undersigned recommends Petitioner has not demonstrated the requisite prejudice even if appellate counsel was deficient in failing to raise the issue of a limiting instruction.[8]  The undersigned further recommends Petitioner has not shown how he would have prevailed on appeal.

Further, the TCCA rejected Petitioner's similar arguments when denying his state habeas application.   Petitioner makes no substantive argument that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Further, the undersigned does not find any basis in the record for such arguments.  Therefore, Petitioner fails to meet his burden under AEDPA that there was no reasonable basis for the state court to deny relief.  *Richter*, 526 U.S. at 98 (A habeas petitioner has a burden that must be met by showing there was no reasonable basis for the state court to deny relief.)

---

[8]Further, to the extent Petitioner asserts his trial counsel was ineffective for failing to request a limiting instruction, defense attorneys often justify not requesting a limiting instruction as a strategic decision asserting juries often do not understand it and may believe counsel is trying to hide something or that a limiting instruction would call additional attention to the evidence. However, because the undersigned was unable to locate any reasoning providing by defense counsel in this case, the undersigned addresses the *Strickland* prejudice prong and, given deference to counsel's strategic decisions, recommends the failure to request a limiting instruction did not prejudice Petitioner to the degree that "the result of the proceeding would have been different" given the testimony of the other witnesses. *Strickland*, 466 U.S. at 694.

## VI.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and*

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

In Petitioner's case, it is recommended Petitioner does not demonstrate these standards. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended the COA be denied because he has not made the necessary showing for issuance.

## VII.   RECOMMENDATION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's case be **DISMISSED**. (D.E. 19). The undersigned further **RECOMMENDS** the Court **DENY** a Certificate of Appealability.

Respectfully submitted on January 28, 2022.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).